By the Court, Bronson, J.
The nonsuit was clearly right. A man cannot maintain an action against me by proving that the person from whom I purchased my house, wrongfully took or converted the brick, stone, timber, lime or other materials of which my house was constructed. Nor can he enter and tear down my house for the pmpose of regaining that portion of it which once belonged to him. His only remedy is against the *118 wrong-doer. Now here, the New-York and Shawangunk Mining Company affixed the engine and boilers so firmly to the earth and building that they clearly became a part of the freehold. After haying thus converted the property into real estate, the company mortgaged the land with all the appurtenances to the Cotheals, who had no notice of the plaintiffs’ claim; and the defendants have since purchased from A. J. Cotheal, to whom the property was sold on the foreclosure of the mortgage. Whether the plaintiffs could have entered upon the New-York and Shawangunk Mining Company prior to the mortgage, and severed the engine and boilers from the freehold, or whether their remedy lay wholly in action, we need not consider. They clearly cannot enter upon the Cotheals, or those claiming under them, nor can any action he maintained against them.. If the defendants are liable in any form, the action should have been ejectment. But there can be no doubt that they acquired just as good a title to the engine and boilers as they did to the rest of the real estate. The remedy of the plaintiffs is against those who wrongfully converted this personal into real property and then sold it.
Judgment affirmed.